IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

AMERICAN GENERAL LIFE INSURANCE COMPANY                    PLAINTIFF

v.                                          CIVIL ACTION NO. 1:12-CV-00087-GHD-DAS

EMMA M. HANNAH; HEATHER NAKOLE HANNAH;
LETOYA JA'KIA HANNAH; JAMEELA VERNAY HANNAH;
and JASMINE KIARRA HANNAH, by and through her mother
and general guardian, Janice H. Hannah                    DEFENDANTS

## MEMORANDUM OPINION GRANTING MOTION TO STAY DISCOVERY AND DENYING MOTION TO DENY OR DEFER CONSIDERATION OF MOTION FOR SUMMARY JUDGMENT

Presently before the Court are **(1)** a motion to stay discovery [15] filed by Defendants Heather Nakole Hannah; LeToya Ja'Kia Hannah; Jameela Vernay Hannah; and Jasmine Kiarra Hannah, by and through her mother and general guardian, Janice H. Hannah (the "Other Defendants"); and **(2)** a motion to deny or defer consideration [24] of the Other Defendants' motion for summary judgment filed by Defendant Emma M. Hannah ("Hannah"). Both motions are ripe for review. Upon due consideration, the Court finds that the motion to stay discovery [15] is well taken and should be granted, and that the motion to deny or defer consideration of the motion for summary judgment [24] is not well taken and should be denied.[1]

---

[1] These, and any other conclusions in this memorandum opinion and order, are reached in the context of the standards governing the present motions before the Court, without considering any specific substantive arguments in the context of the standards governing motions for summary judgment and motions for judgment on the pleadings. Thus, the conclusions expressed in the memorandum opinion and order do not suggest that the Court will rule in a particular way when addressing the merits of either the motion for summary judgment or the motion for judgment on the pleadings.

1

*A. Factual and Procedural Background*

In a prior state court proceeding, Hannah pled guilty and was convicted of manslaughter in connection with the death of her husband, Winfred L. Hannah (the "Decedent"). Hannah's direct appeals and all post-conviction remedies are now exhausted. On April 23, 2012, Plaintiff American General Life Insurance Company ("Plaintiff") filed an interpleader complaint asserting allegedly competing claims among Hannah and the Other Defendants to proceeds of an insurance policy issued to the Decedent. The subject policy identified Hannah as the designated beneficiary of the policy proceeds and the Other Defendants, who were his children, as contingent beneficiaries. Hannah and the Other Defendants filed separate answers to the complaint.

On October 17, 2012, the Other Defendants filed a motion for summary judgment [16], as well as a motion to stay discovery pending resolution of the motion for summary judgment [17]. The Other Defendants contend that the facts relevant to their motion for summary judgment are already established, and thus, that discovery should be stayed pending the Court's ruling on their motion for summary judgment.

On November 5, 2012, Hannah filed a response in opposition to the motion to stay discovery [20], a motion for judgment on the pleadings [23], and a Rule 56(d) motion to deny or defer consideration [24] of the Other Defendants' motion for summary judgment. Although Hannah has also filed a response to the motion for summary judgment, she contends that the Court should stay consideration of the Other Defendants' motion for summary judgment while ruling instead on her motion for judgment on the pleadings.

## B. Motion to Stay Discovery

Trial courts have "broad discretion in discovery matters." *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 270 (5th Cir. 2006) (quoting *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 220 (5th Cir. 2000) (quoting *Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir. 1982))). "[A] plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by plaintiff to withstand a [Rule 56] motion for summary judgment." *Paul Kadair, Inc. v. Sony Corp. of Am.*, 694 F.2d 1017, 1029–30 (5th Cir. 1983). "Discovery is not justified when cost and inconvenience will be its sole result." *Landry v. Air Line Pilots Ass'n Intern. AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990).

In the case *sub judice*, the Other Defendants request that the Court stay discovery in the case pending the Court's ruling of their motion for summary judgment, which raises two questions: (1) whether res judicata, collateral estoppel, and judicial estoppel prohibit Hannah from benefiting from the subject policy proceeds; and (2) whether Hannah is barred from receiving any benefit of the subject policy proceeds under the Mississippi Code. Hannah agrees that the Court should stay discovery, but requests that the Court stay discovery only for the purpose of ruling on her motion for judgment on the pleadings based on the collateral estoppel doctrine. Hannah further requests that the Court rule on her motion before it rules on the Other Defendants' motion for summary judgment. Hannah maintains that discovery is needed on issues raised by the Other Defendants' motion for summary judgment.

Upon due consideration, the Court finds that discovery should be stayed in this case pending the resolution of the motion for summary judgment and the motion for judgment on the pleadings, both of which raise questions of law that cannot be answered by discovery.

## C. Rule 56(d) Motion to Deny or Defer Consideration of Motion for Summary Judgment

After responding to the Other Defendants' motion to stay discovery, Hannah filed a Rule 56(d) motion requesting that the Court suspend ruling on the Other Defendants' motion for summary judgment until ruling on Hannah's motion for judgment on the pleadings and that the Court grant her an opportunity to conduct discovery to develop her opposition to the motion for summary judgment.

Rule 56(d) of the Federal Rules of Civil Procedure provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

FED. R. CIV. P. 56(d). Rule 56(d) is a safe harbor that has been built into the rules so that summary judgment is not granted prematurely. *See, e.g., Union City Barge Line v. Union Carbide Corp.*, 823 F.2d 129, 136 (5th Cir. 1987). "Given the precautionary nature of the rule, these requests ordinarily are treated and reviewed liberally. Technical, rigid scrutiny of a Rule [56(d)] motion is inappropriate." *Id.* Although reviewed liberally, the Rule 56(d) should not be granted unless the movant demonstrates "1) why the movant needs additional discovery and 2) how the additional discovery will likely create a genuine issue of material fact." *Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 534–35 (5th Cir. 1999) (citation omitted).

"The movant must be able to demonstrate how postponement and additional discovery will allow him to defeat summary judgment; it is not enough to 'rely on vague assertions that discovery will produce needed, but unspecified, facts.'" *Stearns Airport Equipment Co.*, 170

4

F.3d at 535 (quoting *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990)); *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991) (citations omitted); *see also Krim v. BancTexas Grp., Inc.*, 989 F.2d 1435, 1441 (5th Cir. 1993) (movant must show how discovery will lead to genuine dispute of fact). A nonmovant is not entitled to a continuance if it "fail[s] to explain what discovery [it] did have, why it was inadequate, and what [it] expected to learn from further discovery" and gives only "vague assertions of the need for additional discovery." *Bauer v. Albemarle Corp.*, 169 F.3d 962, 968 (5th Cir. 1999) (in part quoting *Reese v. Anderson*, 926 F.2d 494, 499 n.5 (5th Cir. 1991) (internal quotation marks omitted)); *see also Leza v. City of Laredo*, No. 12–40273, 2012 WL 5295625, at *2 (5th Cir. Oct. 29, 2012) (finding no abuse of discretion when district court denied Rule 56(d) motion because movant failed to present affidavit or declaration showing entitlement to additional discovery on facts essential to movant's opposition to summary judgment motion).

Hannah argues in her Rule 56(d) motion that the Other Defendants' motion for summary judgment is "unfounded" and "premature" and that the Court should suspend ruling on that motion until ruling on Hannah's motion for judgment on the pleadings. Hannah further argues that discovery is needed to explore medical causation issues surrounding the death of the Decedent and, specifically, whether Decedent experienced respiratory problems which led to his death. Hannah attaches to her motion the Decedent's hospital discharge summary. Hannah further questions the credibility of the state medical examiner who performed the Decedent's autopsy; Hannah contends that the state medical examiner "was the only witness for the prosecution" in the prior state court proceeding. Hannah does not identify what discovery is needed in this respect, but attaches to her motion thirty-four pages of various letters, press

releases, and articles that she contends "call[ ] into question [the state medical examiner's] credentials, his abilities, and his credibility."

The Court finds that Hannah's Rule 56(d) motion fails to demonstrate how additional opportunity for discovery would assist her in justifying her opposition to the motion for summary judgment. Although she seemingly argues that additional discovery would call into question the credibility of the state medical examiner who performed the autopsy of the Decedent, and that additional discovery would tend to show that respiratory failure was a cause of the Decedent's death, she has not demonstrated how discovery pertaining to these factual issues would allow her to further develop her opposition to the motion for summary judgment. Hannah has failed to show how discovery—the search for <u>facts</u>—would assist her in opposing the questions of <u>law</u> raised by the Other Defendants' motion for summary judgment. *See, e.g., Brazos Valley Coal. for Life, Inc. v. City of Bryan, Tex.*, 421 F.3d 314, 327 (5th Cir. 2005). Because Hannah has failed to demonstrate how additional discovery would allow her to further develop her opposition to the motion for summary judgment, the Court finds that her Rule 56(d) motion is not well taken and should be denied.

*D. Conclusion*

Accordingly, the Other Defendants' motion to stay discovery [15] shall be GRANTED, and discovery shall be STAYED pending the Court's resolution of both the motion for summary judgment and the motion for judgment on the pleadings. Hannah's motion to deny or defer consideration [24] of the motion for summary judgment shall be DENIED.

A separate order shall be issued in accordance with this opinion this day.

THIS, the 10th day of December, 2012.

/s/ Glen H. Davidson
SENIOR JUDGE